IN RE FOX, ALLEGED DELINQUENT CHILD.

(No. 79-71—Decided May 8, 1979.)

Court of Common Pleas of Highland County, Juvenile Division.

*Mr. Rocky A. Cross,* prosecuting attorney, for plaintiff.
*Mr. James D. Hapner,* for defendant.

DAVIS, J. The juvenile, Darrell Fox, was charged with delinquency in a complaint alleging violation of R. C. 2903.07, vehicular homicide. The juvenile moves the court to dismiss the complaint on the grounds that vehicular homicide is a violation of a traffic law; that the complaint thus fails to state a cause of action; and the court lacks jurisdiction unless the cause is brought as a traffic case and filed on a mandated Ohio Uniform Traffic Ticket.

The juvenile states that, prior to the enactment of Ohio's new Criminal Code in 1974, vehicular homicide was known as homicide by vehicle in the second degree and was contained in R. C. Chapter 4511, traffic laws—operation of motor vehicles, at R. C. 4511.18. The juvenile argues further that the recodification of the Criminal Code in 1974 did not alter the substantive nature of the traffic offense even though removed from R. C. Chapter 4511 and placed in R. C. Chapter 2903, homicide and assault. He cites *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, for the proposition that numerical codification does not limit the application of a code section to the chapter in which it is located. Further, he contends that other sections of Title 45 of the Ohio Revised Code concerning motor vehicles substantiate the claim that vehicular homicide continues to be a traffic offense. R. C. 4507.16 (A) provides for suspension or revocation of the driver's license by the trial judge of any person convicted or who pleads guilty of homicide by vehicle. R. C.

4507.162 provides for the revocation of the driver's license of a juvenile who has been convicted of three or more moving vehicle violations in a two-year period which includes R. C. 2903.07. R. C. 4507.40 (G) (3) provides that points shall be assessed for homicide by vehicle.

The Ohio Traffic Rules require that in traffic cases, the complaint shall be the "Ohio Uniform Traffic Ticket." Traffic Rule 3. This includes Juvenile Court. Traffic Rule 2.

This issue is clear. If violation of R. C. 2903.07, vehicular homicide, is a traffic offense, a juvenile must be charged as a juvenile traffic offender as defined in R. C. 2151.021 which provides as follows:

"A child who violates any traffic law, traffic ordinance, or traffic regulation of this state, the United States, or any political subdivision of this state, shall be designated as a 'juvenile traffic offender.' "

The charge must be on an Ohio Uniform Traffic Ticket.

If violation of R. C. 2903.07, vehicular homicide, would be a crime if committed by an adult, then he is properly charged by the complaint as a delinquent child. R. C. 2151.02 states in part:

"As used in Sections 2151.01 to 2151.54 inclusive of the Revised Code 'delinquent child' includes any child:

"(A) Who violates any law of this state, the United States, or any ordinance or regulation of a political subdivision of the state, which would be a crime if committed by an adult, except as provided in Section 2151.021 of the Revised Code;***"

R. C. 2903.07, vehicular homicide, reads as follows:

"(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall negligently cause the death of another.

"(B) Whoever violates this section is guilty of vehicular homicide, a misdemeanor of the first degree. If the offender has previously been convicted of an offense under this section or Section 2903.06 of the Revised Code, vehicular homicide is a felony of the fourth degree."

The pre-code homicide by vehicle in the second degree (R. C. 4511.18) read as follows:

"No person shall unlawfully and unintentionally cause

the death of another while violating any law of this state applying to the use or regulation of traffic, other than Sections 4511.19, 4511.20, 4511.201 and 4511.251 of the Revised Code. Any person violating this section is guilty of homicide by vehicle in the second degree."

Although it is axiomatic that there is no legislative history in Ohio it is often valuable to compare legislative changes. Ohio's new Criminal Code was enacted into law by Amended Substitute House Bill No. 511 of the 109th General Assembly. The Act was not merely a recodification, but a comprehensive revision of the entire substantive criminal law of Ohio, the first since 1815. It provides for jurisdiction, venue, and limitation of prosecutions. It states the fundamental basis for criminal liability, and reduces to four and defines the culpable mental states required for guilt—purpose, knowledge, recklessness, and negligence. It classifies all offenses into eleven degrees, provides uniform penalties and gives detailed criteria for imposing sentence and for modifying the sentence imposed. Four major groups of penal statutes were left largely untouched by the act and this includes the traffic laws contained in R. C. Chapter 4511.

Among the significant changes made, however, were the repeal of R. C. 4511.18, homicide by vehicle in the second degree, and R. C. 4511.181, homicide by vehicle in the first degree, which was unlawfully and unintentionally causing the death of another while violating laws against drag-racing, reckless operation or driving while intoxicated. New and different offenses were created by the 1974 Criminal Code, to-wit: R. C. 2903.06, aggravated vehicular homicide, and R. C. 2903.07, vehicular homicide. These new offenses were not only placed in R. C. Chapter 2903, homicide and assault, but they set forth new crimes which vary substantially from the former homicide by vehicle offenses.

Vehicular homicide does not predicate liability on the violation of a traffic statute other than those dealing with drunk driving, reckless operation and drag racing as did the former offense of homicide by vehicle in the second degree. Criminal liability is predicated upon causing the death of another by negligence. It is now the negligent causing of the death of another which is the new element of the new crime to be proved beyond a reasonable doubt, not the violation of a

law of this state applying to the use or regulation of traffic causing the death of another. Conviction under the former law was dependent upon a violation of a law of this state applying to the use and regulation of traffic. This is not an element of the new crime, vehicular homicide. If the operator causes the death of another negligently as defined in R. C. 2901.22 (D), it is of no consequence whether he violated a traffic law or not. It has been recently held in *State* v. *Smith* (1978), 11 0.0 3d 343, that R. C. 2903.07, vehicular homicide, is not unconstitutional in that it imposes criminal liability for negligent, rather than intentional, conduct. Further, the statute is not unconstitutionally vague in describing the prohibited conduct.

Further, vehicular homicide is not limited to motor vehicles which could violate traffic laws, but includes motorcycles, snowmobiles, locomotives, watercraft and aircraft.

The same reasoning applies to R. C. 2903.06, aggravated vehicular homicide. The elements are the same as vehicular homicide, except the degree of culpability is recklessness. Vehicular homicide is a lesser included offense of aggravated vehicular homicide. Neither crime is now dependent upon a violation of a traffic law for its existence. The use of a motor vehicle to cause the death of another does not per se make the resulting offense a violation of the traffic laws.

It is a long standing rule of legislative interpretation to read all statutes *in pari materia.* In so doing, the sections of the Revised Code which are in the chapter on driver's license law and involve suspension of driver's license, R. C. 4507.16, revocation of license, R. C. 4507.162, and assessments of points for homicide by vehicle, R. C. 4507.40 (G) (3), provide additional penalties for those who violate the vehicular homicide statute. It involves sentencing after conviction. Applying the principle of *Denicola* v. *Providence Hospital, supra* (57 Ohio St. 2d 115), numerical codification does not limit the application of sections of R. C. Chapter 4507, driver's license law, to the chapters involving traffic regulation. If this were not so, we would only have to turn to R. C. 2935.36 to find R. C. 2903.07, vehicular homicide, included in criminal offenses for which pre-trial diversion programs may be established for adults accused of committing crimes.

A careful consideration of all applicable statutory and

case law brings us to but one conclusion. R. C. 2903.07, vehicular homicide, is a crime of negligent conduct as enacted by the Criminal Code of 1974. It is not a traffic offense that can be charged on a uniform traffic ticket. When committed by a juvenile, it is an act of delinquency, not a juvenile traffic offense, and is properly charged on a complaint, not a uniform traffic ticket.

The complaint herein states a cause of action; the court has jurisdiction to entertain the complaint in the form filed; the motion to dismiss is overruled.

*Motion overruled.*