IN RE BURGESS, A DELINQUENT CHILD.

(No. CA83-08-013—Decided January 30, 1984.)

*Messrs. Lord & Shew* and *Mr. James C. Shew,* for appellant.

*Mr. Wilfred Dues,* prosecuting attorney, for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Preble County.

On May 27, 1983, a complaint was filed in the Juvenile Division of the Court of Common Pleas of Preble County alleging that appellant, Kenny Burgess, was a delinquent child. After an adjudicatory hearing, the court below found appellant to be a delinquent child and subsequently made an order of disposition. The appeal herein was thereafter initiated.

Appellant's sole assignment of error is as follows:

"The Common Pleas Court of Preble County, Ohio erred in finding Kenny Burgess guilty of the offense of aggravated menacing when he was initially charged with felonious assault because aggravated menacing is specifically not a lesser included offense of felonious assault."

The complaint herein alleged two "counts." "Count I" alleged that appellant, a minor, violated "* * * Ohio Revised Code Section 903.13(A) [*sic* probably R.C. 2903.13(A) ], entitled 'Assault' * * *" and "Count II" alleged a violation of R.C. 2903.11(A)(2) (felonious assault). The complaint also stated:

"That on the above date [May 12, 1983], Karen Hager and Kenny Burgess were riding the bus home from school; that when they got off the bus, a boy swung his gym bag over his shoulder and hit Kenny Burgess on the head; that Kenny Burgess turned around and called Karen Hager a "bitch"; that Karen Hager smacked Kenny Burgess on the shoulder and Kenny Burgess turned around and busted Karen Hager in the nose and mouth which bled for approximately 30 minutes; that the undersigned, mother of Karen Hager went to pick her daughter up, passed her on the road and was told by her daughter what happened; that the undersigned and her daughter and her nephew went to the Burgess residence to get things straightened out; that the undersigned confronted Mrs. Burgess and Mrs. Burgess told the undersigned to get off her property; that Mrs. Burgess told her kids to go get her gun; that her son, Kenny Burgess returned with a shotgun and fired it at the undersigned."

After a hearing on this matter, the court filed an entry which stated that:

"This matter came on for full hearing this 20th day of July, 1983, with the Prosecuting Attorney, the child, his parents, and his counsel present before the Court. Testimony and evidence were presented on behalf of the child and the State.

"It appearing to the Court that all writs heretofore issued herein have been duly served according to law and that all persons interested are now before the Court, the Judge having heard the evi-

dence and being fully advised in the premises, finds that said child is within the provisions of the Juvenile Court Code of the State of Ohio, *the State of Ohio having proven the child guilty of Count One of the complaint, "Assault" and Count Two of the complaint, "Aggravated Menacing," a lesser included offense of "Felonious Assault," and the Court further finds that the child is a delinquent child as alleged in the complaint filed herein."* (Emphasis added.)

Appellant now argues that we must reverse his "conviction" because "aggravated menacing" is not a lesser included offense of "felonious assault." We cannot agree.

Appellant's argument is somewhat tangential, if at all relevant, to the crucial issues herein. A "delinquent child" is defined in R.C. 2151.02(A) to include any child "[w]ho violates *any* law of this state, * * * which would be a crime if committed by an adult * * *" with certain exceptions not applicable herein. (Emphasis added.)

The facts alleged and proved below indicate that the "assault" statute was violated and this finding by the trial court is not questioned on appeal. On this basis alone, the court below would have been justified in finding appellant to be a delinquent child. The dispositional alternatives ordered by the court could have been selected regardless of whether or not the child violated the "aggravated menacing" statute, as the disposition in juvenile matters is not generally related to the acts of the child in the way a minimum or maximum sentence is prescribed for criminal acts. See R.C. 2151.355. Thus, even if we accepted appellant's argument that aggravated menacing is not a lesser included offense of felonious assault, we could not reverse the trial court's finding that appellant was a delinquent child as there are valid alternative grounds for this conclusion in the court's judgment. Appellant's argument, then, is essentially impotent.

Appellant's argument, on its merits, is also fallacious in that it silently presumes that a complaint filed in the juvenile court alleging delinquency is to be read as strictly as a criminal indictment. We disagree with this presumption.

R.C. 2151.27 permits *anyone* having knowledge of a child who appears to be delinquent to file a sworn complaint. The complaint must allege "* * * the particular facts upon which the allegation of delinquency * * * is based." R.C. 2151.27. See, also, Juv. R. 10(B)(1).

In *In re Sims* (1983), 13 Ohio App. 3d 37, this court noted that only the facts essential to the complaint need be stated therein as we would not "* * * hypertechnically construe the Juvenile Rules * * *." The same rationale applies herein. If the facts alleged and proved constitute the violation of a criminal statute, the court may find the accused to be a delinquent child. Though the complaining witness herein *did* designate two particular statutes she claimed were violated, the court was free to find that the facts proved a violation of an additional statute. The court's "lesser included offense" analysis was unfortunate, but does not require a reversal.

As in *Sims, supra,* our view might differ if it appeared that the facts alleged in the complaint were intentionally abbreviated and that at the adjudicatory hearing the party was "surprised" by a parade of witnesses alleging incidents bearing no relationship to facts alleged. Such was not evident in the case below as the facts proved were apparently consistent with the facts alleged.

Given our *ratio decidendi,* whether or not aggravated menacing is a lesser included offense of felonious assault is simply irrelevant. There was no error in the adjudication that appellant was a delinquent child under R.C. 2151.02.

Accordingly, appellant's sole assignment of error is hereby overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment herein ap-

pealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.