**In re ELLIOTT.**

[Cite as *In re Elliott* (1993), 87 Ohio App.3d 816.]

Court of Appeals of Ohio,
Fayette County.

No. CA92–07–012.

Decided July 19, 1993.

*John H. Roszmann,* Fayette County Prosecuting Attorney, for appellee.

*Fosson, Mann & Preston* and *James L. Mann,* for appellant.

KOEHLER, Judge.

Appellant, Kari R. Elliott, appeals a decision of the Fayette County Court of Common Pleas, Juvenile Division, finding her to be a juvenile traffic offender.

Due to an automobile accident, a complaint was filed on April 17, 1992 alleging that appellant was a delinquent child for committing acts which would constitute four counts of aggravated vehicular assault pursuant to R.C. 2903.08 if committed by an adult. Following an adjudicatory hearing, the juvenile court held that the state presented insufficient evidence to show that appellant acted recklessly and therefore it failed to prove the elements of aggravated vehicular assault beyond a reasonable doubt. However, the court also found that appellant had committed acts which would constitute reckless operation of a motor vehicle pursuant to R.C. 4511.20. Therefore, it found her to be a juvenile traffic offender. Following a dispositional hearing, the trial court ordered that appellant's license be suspended until her twentieth birthday; that she make restitution to her father in the amount of $250, his insurance deductible; that she attend a defensive driving course; and that she pay a fine of $30 plus costs. This appeal followed.

Appellant presents six assignments of error for review. In her first assignment of error, appellant states that the trial court erred in finding her to be a juvenile traffic offender by reason of having violated R.C. 4511.20. In her second assignment of error, appellant states that the trial court erred by overruling her motion to dismiss made at the conclusion of the state's case. In both assignments of error, appellant argues that if the evidence does not support a finding that she acted recklessly, it does not support a finding that she acted wantonly as required by R.C. 4511.20. We find these assignments of error to be well taken.

The trial court concluded that there was insufficient evidence to show that appellant violated R.C. 2903.08, aggravated vehicular assault, because the state failed to prove that appellant acted "recklessly," as that term is defined in R.C. 2901.22(C). The trial court concluded that appellant violated R.C. 4511.20, which states "[n]o person shall operate a vehicle * * * in wilfull or wanton disregard of the safety of persons or property." There is no contention that appellant acted wilfully, and the Ohio Supreme Court has stated that the definition of "wanton-

ness" as used in R.C. 4511.20 is "substantially similar in wording and effectively identical in meaning" to the definition of "recklessness" in R.C. 2901.22(C). *State v. Earlenbaugh* (1985), 18 Ohio St.3d 19, 22, 18 OBR 16, 18, 479 N.E.2d 846, 849, fn. 2; *In re Gilbert* (Sept. 28, 1987), Butler App. No. CA86-10–144, unreported, at 5–6, 1987 WL 17709. Accordingly, if appellant did not behave "recklessly," as that term is used in R.C. 2903.08 and 2901.22, she did not behave "wantonly" as that term is used in R.C. 4511.20. The trial court erred in concluding that she committed acts which would constitute the offense of reckless operation under R.C. 4511.20 if committed by an adult.

While we find appellant's argument to be well taken, we also find a more compelling reason to sustain appellant's assignments of error.[1] The original complaint alleged that appellant was a delinquent child by reason of having committed aggravated vehicular assault. The trial court found appellant to be a juvenile traffic offender, relying on this court's decision in *In re Burgess* (1984), 13 Ohio App.3d 374, 13 OBR 456, 469 N.E.2d 967. In that case, we held that even though a delinquency complaint designated a particular statute as being violated by a juvenile, the juvenile court is free to find, on the basis of the facts alleged and proved, a violation of a statute not enumerated in the complaint and find the juvenile to be delinquent. We reasoned that pursuant to R.C. 2151.02(A) a child can be found to be delinquent for violating any criminal law statute and that complaints alleging delinquency are not to be read as strictly as criminal indictments. *Id.* at 375, 13 OBR at 457, 469 N.E.2d at 969. Accord *In re Rough* (Feb. 13, 1989), Butler App. Nos. CA88–05–069, CA88–05–070 and CA880–06–090, unreported, 1989 WL 11513.

We find *Burgess* to be distinguishable. In *Burgess*, the complaint alleged that the child was delinquent and the court found the child to be delinquent, even though the actual offense involved a violation of a different statute than alleged in the complaint. In the present case, the complaint charged that appellant was a delinquent child, but she was found to be a juvenile traffic offender, which is a completely separate concept. R.C. 2151.02(A) specifically states that a "delinquent child" includes any child "who violates any law of this state * * * except as provided in section 2151.021 of the Revised Code[.]" R.C. 2151.021 defines a "juvenile traffic offender" as "a child who violates any traffic law, traffic ordinance, or traffic regulation of this state * * *." When a child violates a criminal statute, he or she should be charged with being a delinquent child, not a juvenile traffic offender; when a child violates a traffic law, he or she should be charged

---

1. Ordinarily, we would have ordered the parties to file supplemental briefs since appellant did not specifically raise this issue. See *State v. Dodge Ram Van* (1988), 36 Ohio St.3d 168, 522 N.E.2d 524. However, since the state failed to file a brief in the first instance, we see no compelling reason to do so.

as being a juvenile traffic offender, not a delinquent child. *In re Fox* (1979), 60 Ohio Misc. 31, 14 O.O.3d 80, 395 N.E.2d 918; *In re Kuchinsky* (Oct. 23, 1980), Cuyahoga App. No. 41944, unreported.

Juv.R. 29(F)(1) provides that if the allegations of the complaint are not proven, the court shall dismiss the complaint. In the present case, the state did not prove that appellant violated any criminal statute. Therefore, it failed to prove she was a delinquent child, and the complaint should have been dismissed. It appears that the trial court focused on the severity of the injuries suffered by the alleged victims and sought to find appellant guilty of something. However, in doing so, the trial judge *sua sponte* amended the complaint after the adjudicatory hearing to charge appellant with something entirely different than that with which she was originally charged. We believe this amendment violated appellant's due process rights and failed to further the interest of justice. See Juv.R. 22(B); *State v. Aller* (1992), 82 Ohio App.3d 9, 11–12, 610 N.E.2d 1170, 1170–1171; *Kuchinsky, supra.*

Accordingly, appellant's first and second assignments of error are sustained. We enter the judgment the trial court should have entered and dismiss the complaint. Appellant's four remaining assignments of error are moot, and we decline to address them.

The judgment of the trial court is reversed and the cause is dismissed.

*Judgment reversed*
*and cause dismissed.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.