OPINION
{¶ 1} On June 27, 2002, this Court entered an Opinion and Journal Entry with respect to the underlying sentencing issues on appeal. In that opinion, styled In re Keon Richardson (June 27, 2002) 7th Dist. No. 01CA78, we reversed the trial court's decision to impose a five-year minimum sentence on the juvenile, Keon Richardson.
 {¶ 2} Richardson has filed a motion for reconsideration claiming one count of felonious assault against a juvenile can only lead to one adjudication. The purpose of a motion for reconsideration under App.R. 26(A) is to raise an obvious error in the court's original decision or to raise an issue that the court inadvertently failed to consider at all or failed to completely consider. Audia v. Rossi Bros. Funeral Home, Inc.
(Feb. 12, 2001), 7th Dist. No. 98CA181, journal entry denying a motion to reconsider. A motion for reconsideration is not designed for use in instances when a party merely disagrees with the conclusions reached and the logic used by the appellate court. Id.
 {¶ 3} In the present case, Richardson has done just that. He challenges the soundness of this court's reasoning and analysis of an issue that was fully addressed in the underlying appeal. More specifically, Richardson claims this court misconstrued the language of Inre Caldwell (1996), 76 Ohio St.3d 156, 666 N.E.2d 1367 as Caldwell does not speak to broad indiscriminate acts of a juvenile that can serve as a basis for adjudication and commitment. Richardson bases his argument on the fact that the plea bargain in his case resulted in four separate counts of complicity to felonious assault being consolidated into one single count involving four victims. Thus, Richardson claims he could only be adjudicated for the single count.
 {¶ 4} We disagree. Being adjudicated a juvenile delinquent does not carry with it the same consequences as being convicted of a crime. The juvenile code clearly and specifically states: "The judgment rendered by the court under this chapter shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of the adjudication and no child should be charged with or convicted of a crime in any court except as provided by this chapter." R.C. 2151.358(H). See also In re Good (1997),118 Ohio App.3d 371, 375; In re Agler (1969), 19 Ohio St.2d 70, 80; In reSkeens (February 25, 1982), 10th Dist. Nos. 81AP-882, 81AP-883.
 {¶ 5} "The purpose of a juvenile proceeding is to determine if the child is delinquent. State v. Weeks (1987), 37 Ohio App.3d 65, 66. Juvenile proceedings are not punitive, but corrective. In re Haas
(1975), 45 Ohio App.2d 187, 188. In Ohio, being found delinquent is different from being found guilty of a crime. In re Agler (1969),19 Ohio St.2d 70, 80. `The very purpose of the Juvenile Code is to avoid treatment of youngsters as criminals and insulate them from the reputation and answerability of criminals.' Id." In re Rayner (Nov. 8, 2001), 7th Dist. No. 00 BA 7 at 2.
 {¶ 6} Regardless, Richardson maintains he should have only been adjudicated by the trial court for one count since the original four counts brought against him were consolidated. However, this is a juvenile case, not a criminal case. A juvenile delinquency proceeding has different rules than a criminal trial. For example, a juvenile court hears and determines all cases without a jury, State v. Ostrowski
(1972), 30 Ohio St.2d 34, 44, 282 N.E.2d 359, 365, a juvenile court can conduct its hearings in an informal manner, R.C. 2151.35(A), and the general public may be excluded from a juvenile court hearing. In re T.R. (1990), 52 Ohio St.3d 6, 15, 556 N.E.2d 439.
 {¶ 7} Finally, and most pertinent to the instant case, a complaint in juvenile court alleging delinquency does not need to be read as strictly as a criminal indictment. In re Burgess (1984),13 Ohio App.3d 374, 375, 13 OBR 456, 469 N.E.2d 967. See also In re Good
(1997) 118 Ohio App.3d 371, 692 N.E.2d 1072. Prior to being adjudicated a delinquent, Richardson "pleaded guilty" to one count of complicity to felonious assault. In a delinquency case, the juvenile's plea is an admission or denial of the facts contained in the complaint. An admission is not a guilty plea but a waiver of rights to challenge the allegations. State v. Penrod (1989), 62 Ohio App.3d 720,723,577 N.E.2d 424. Although the complaint in this case alleged only one count of complicity to felonious assault, it clearly indicated four victims were involved. Thus we once again find Richardson openly admitted to participating in four separate acts that would constitute felonies if committed by an adult.
 {¶ 8} Although Richardson argues this analysis is improper even when applying the reasoning of the Supreme Court in Caldwell, Richardson merely disagrees with our interpretation of the language of that decision. Richardson contends Caldwell is factually distinguishable from the instant case because in Caldwell the juvenile was consecutively sentenced on separate counts. However, we determine that is a distinction without a difference. Caldwell focuses on the significance of acts or offenses committed by a juvenile, not counts. As mentioned above, Richardson admitted his involvement in four separate delinquent acts.
 {¶ 9} Because the rules pertaining to juvenile adjudications are so much more lenient than their adult counterparts, we will not find fault in a trial court's actions when the alleged error was invited by the appellant's behavior. In this case, Richardson admitted in open court to complicity to felonious assault involving four victims. If that were not the case, he should have denied the underlying factual circumstances in accordance with Juv.R. 29. Simply because these four victims were not listed in four separate counts, we will not reverse the trial court, let alone ourselves.
 {¶ 10} Therefore, we conclude Richardson's motion for reconsideration fails to raise any obvious error we might have made in our original decision nor does it point to any issues that we did not fully address in our original opinion. Richardson's motion for reconsideration is denied.
Motion denied.
Vukovich, P.J., Donofrio, and DeGenaro, JJ., concur.