OPINION
{¶ 1} Appellant, Keith A. Golar, appeals from the May 23, 2002 judgment entry of the Lake County Court of Common Pleas, in which appellant was sentenced for unauthorized use of a vehicle.
 {¶ 2} On October 25, 2001, appellant was secretly indicted by the Lake County Grand Jury on one count of unauthorized use of a vehicle, a felony of the fifth degree, in violation of R.C. 2913.03(B). On January 25, 2002, appellant filed a waiver of right to be present at arraignment, and the trial court entered a not guilty plea on his behalf. On April 18, 2002, appellant withdrew his not guilty plea and filed a written plea of guilty for the instant offense.
 {¶ 3} The facts contained in the presentence report are as follows: appellant's ex-girlfriend, Renee M. Ross ("the victim"), leased a 2000 GMC Denali in her name for appellant because he had poor credit. Appellant stopped making payments to the victim and found a friend to take over the payments. However, appellant's friend eventually stopped making payments as well and maintained possession of the SUV. GMAC, the leasing company, contacted the victim requesting a payment or a return of the vehicle. In turn, the victim contacted appellant who tried to contact his friend, however, to no avail. In order not to ruin her own credit, the victim reported the vehicle stolen. Appellant eventually located the SUV, which was later repossessed by GMAC.
 {¶ 4} According to the May 23, 2002 judgment entry, the trial court sentenced appellant to six months in prison, with twenty-two days of credit for time served, which was to be served concurrently with his federal sentence.[1] Also, appellant was ordered to pay restitution once the overall loss was determined. Appellant filed a timely notice of appeal on June 24, 2002, and makes the following assignment of error:
 {¶ 5} "The trial court erred to the prejudice of [appellant] when it sentenced him to pay restitution in violation of his state and federal rights to due process as guaranteed by Article I Section 10, of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred to his prejudice when it ordered him to pay an unspecified amount of restitution. Appellant alleges that the trial court's order was not supported by competent and credible evidence relating to the actual loss suffered by the alleged victim.
 {¶ 7} This court stated in State v. Agnes (Oct. 6, 2000), 11th Dist. No. 99-L-104, 2000 Ohio App. LEXIS 4653, at 23-24:
 {¶ 8} "[a] trial court is required to make a determination as to the amount of restitution. State v. Cockerham (1997), 118 Ohio App.3d 767, 770***. It is well-settled that `there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.' State v. Williams (1986),34 Ohio App.3d 33, 34***. The court went on to explain:
 {¶ 9} `Generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted. Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.'***." (Parallel citations omitted.) See, also, State v. Warner
(1990), 55 Ohio St.3d 31, 69.
 {¶ 10} In State v. Beverly (Mar. 29, 1990), 2d Dist. No. 2612, 1990 Ohio App. LEXIS 1152, at 22, the trial court ordered the defendant to make restitution for the victim's medical and hospital expenses, however, no amount was specified. The Second District held that the defendant "is entitled to know the full extent of the judgment that has been rendered against him." Id. The court reasoned that "***the restitution ordered as part of a criminal conviction may not be open-ended, and should be determined based upon evidence adduced to assess the reasonable extent of the obligation." Id. at 22-23.
 {¶ 11} In the case at bar, at the sentencing hearing on May 16, 2002, the trial court stated: "I'm going to order restitution and that'll have to be an amount to be determined once the litigation is concluded."[2] Defense counsel then objected and asked to have the issue preserved for appeal. The trial court further stated: "I'm just entering a blanket order at this point for restitution, but the amount can't be determined yet." Also, pursuant to the May 23, 2002 judgment entry, the trial court held that "***restitution is ordered to be paid to the victim *** in an amount to be determined as the overall loss has yet to be determined."
 {¶ 12} The trial court clearly erred in ordering restitution since there was no documentation at the sentencing hearing of any actual economic loss suffered by the victim. The mere fact that litigation was just filed against the victim was insufficient for the trial court upon which to base its restitution order. Pursuant to Agnes, supra, the trial court failed to make a determination as to the amount of restitution. Also, based on Beverly, supra, the trial court's restitution order was clearly "open-ended" due to the fact that no actual amount was specified at the time of sentencing.
 {¶ 13} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Lake County Court of Common Pleas is reversed, and the matter is remanded for the purpose of redetermining whether to order restitution, and, if so, the amount of the restitution so ordered.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.
[1] Appellant was previously sentenced in federal court on a federal probation violation to twelve months. The instant offense was committed by appellant while on federal probation.
[2] GMAC filed suit against the victim, who just retained an attorney at the time of this case.