{¶ 115} In his first assignment of error, Appellant argues that the trial court erred when sentencing him to a firearm specification under R.C. 2941.145. He contends that the complaint only alleged facts sufficient to sentence him to a firearm specification under R.C.2941.141. The majority disagrees, concluding that Appellant was aware that from the charging document that he faced the possibility that a three-year gun specification could be imposed upon him when the trial court made its disposition. I must respectfully disagree.
 {¶ 116} R.C. 2941.141(A) mandates a trial court to impose a one-year term of imprisonment upon an offender if "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense." R.C. 2941.145(A) requires a three-year prison term if the offender both "had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." Thus, the difference between this one-year firearm specification and this three-year firearm specification is that the offender "displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 117} The complaint in this case alleged that Appellant committed a felonious assault by causing or attempting to cause "physical harm to another by means of a deadly weapon." The complaint also alleges that Appellant "had a firearm on or about his person or under his control" while committing this felonious *Page 24 
assault. However, the complaint never alleges that Appellant displayed, brandished, indicated possession of, or used that firearm to facilitate the offense. The question this case poses is whether a juvenile complaint must allege this fact before a trial court can sentence a juvenile to a specification under R.C. 2941.145.
 {¶ 118} A complaint alleging that a juvenile is delinquent may be filed by "any person." R.C. 2152.021(A)(1). Accordingly, courts do not force complainants to strictly comply with "hypertechnical" requirements, such as those in Juv.R. 10(B) which require that the complaint "contain the numerical designation of the statute or ordinance alleged to have been violated," when filing a complaint. In reHoward (1987), 31 Ohio App.3d 1, 3; In re Sims (1983),13 Ohio App.3d 37, 43; Matter of Laquatra (Jan. 22, 1998), 8th Dist. No 72020. For these reasons, a complaint filed in the juvenile court alleging delinquency is not read as strictly as a criminal indictment. In reBurgess (1984), 13 Ohio App.3d 374, 375.
 {¶ 119} Nevertheless, juvenile complaints must, at a minimum, "allege the particular facts upon which the allegation that the child is a delinquent child or a juvenile traffic offender is based." R.C.2152.021(A)(1). This requirement is not "hypertechnical;" it is the bare minimum necessary to assure that the juvenile knows the nature of the charges against him. This is not to say that the allegations need to be overly specific, since this requirement "does not `force a complainant to state in the complaint every fact surrounding each incident described.'" In re Pieper Children (1991), 74 Ohio App.3d 714, 719, quoting Sims at 43. However, it does prevent a *Page 25 
trial court from finding a violation of a statute if the necessary facts are not alleged. Burgess at 375, Laquatra at 4.
 {¶ 120} For example, in In re Elliot (1993), 87 Ohio App.3d 816, the juvenile was charged with being a delinquent child for committing acts which would constitute four counts of aggravated vehicular assault pursuant to R.C. 2903.08 if committed by an adult. Instead, the court also found that juvenile had committed acts which would constitute reckless operation of a motor vehicle pursuant to R.C. 4511.20 and found her to be a juvenile traffic offender. The Twelfth District found that this was error since "the complaint charged that appellant was a delinquent child, but she was found to be a juvenile traffic offender, which is a completely separate concept." Id. at 818. Since the complaint did not allege the offenses found by the trial court, the appellate court reversed the decision and dismissed the complaint. Id. at 819.
 {¶ 121} The cases cited by the majority demonstrate the need to allege the necessary facts, while ignoring the form in which those allegations are made. For instance, in Laquatra, the complaint stated that the juvenile "did unlawfully, knowingly cause or attempt to cause physical harm to Bradford Snied (sic) by means of a deadly weapon or dangerous ordinance, to wit: a Rino Galesi .25 caliber handgun," but did not specifically allege a firearm specification. The court overlooked the technical failure to specifically allege the firearm specification because "the facts alleged and proved in [the] juvenile hearing" supported the trial court's findings. Id. at 4. *Page 26 
 {¶ 122} The court in State v. Muncey (Feb. 8, 1999), 12th Dist. No. CA98-03-013, reached a similar conclusion. In that case, the indictment alleged that the defendant "used a firearm to facilitate" the offense. The court noted that it would be "ideal for the prosecution to use the statutory language in the indictment," but that the "failure to do so does not render the indictment ineffective" since it alleged the necessary facts. Id. at 6.
 {¶ 123} The complaint in this case is different than those inLaquatra and Muncey because it does not allege all the facts necessary to support the trial court's ultimate findings. It alleges that Appellant used a deadly weapon when committing the offense and that he had a firearm in his possession while he committed that offense, but it does not allege that the firearm was the deadly weapon used.
 {¶ 124} The term "deadly weapon" has a different, broader meaning than the term "firearm." "Deadly weapon" means "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C.2923.11(A). In contrast, "firearm" means "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant" and "includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." R.C. 2923.11(B)(1). The term "deadly weapon" includes, but is not limited to, firearms. In other words, all firearms are deadly weapons, but not all deadly weapons are firearms. *Page 27 
 {¶ 125} It is not difficult to imagine that someone could use a knife to commit a felonious assault while possessing, but not displaying, brandishing, indicating possession of, or using, a firearm. In such a case, the offender would be guilty of felonious assault, but would only be subject to the one-year firearm specification under R.C. 2941.141, rather than the three-year specification in R.C. 2941.145. Thus, a complaint which alleges the use of a deadly weapon and the possession of a firearm does not indicate that the firearm was the deadly weapon used. A complaint must allege that the offender somehow displayed, brandished, indicated possession of, or used the firearm to facilitate the offense in order to state a violation of R.C. 2941.145.
 {¶ 126} The complaint in this case does not state that the firearm Appellant possessed during the felonious assault was the deadly weapon used in that assault. Since the complaint does not make this connection, the trial court cannot find that Appellant has violated R.C.2941.145(A), since such a finding requires that connection. Appellant's disposition should be modified to reflect the firearm specification under R.C. 2941.141(A). *Page 1