OPINION
{¶ 1} This appeal stems from an order of restitution imposed by the Lake County Juvenile Court upon Delinquent Child-Appellant, Keith A. Czika ("Appellant"), after appellant pled true to one count of vehicular vandalism in violation of R.C. 2909.09(B)(1). For the reasons that follow, we affirm the order of restitution. *Page 2 
 {¶ 2} On May 25, 2006, appellant was charged in the Lake County Juvenile Court with one count of vehicular vandalism, a first degree misdemeanor. The charge arose after appellant threw pennies out of his car window, which hit a passing car owned by Thomas D. Wolf, causing damage. On October 3, 2006, appellant pled true to the charge.
 {¶ 3} On December 20, 2006, the matter came before the trial court for a restitution hearing. Evidence introduced during the restitution hearing included testimony from Mr. Wolf, documentary evidence of two estimates obtained by Mr. Wolf to repair his car, as well as a photograph of Mr. Wolfs damaged windshield. Prior to the hearing on October 3, 2006 and prior to the restitution hearing, appellant's counsel was provided with copies of the estimates obtained by Mr. Wolf. After hearing the evidence, the trial court ordered appellant to pay restitution to Mr. Wolf in the amount of $1,625.26 for the damage caused to Mr. Wolfs car as a result of appellant's actions. It is from this order that appellant appeals.
 {¶ 4} Appellant assigns a single assignment of error for our consideration:
 {¶ 5} "[1.] The trial court erred to the prejudice of delinquent child-appellant when it sentenced him to pay restitution in violation of his state and federal rights to due process as guaranteed by Article I, Section 10, of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution."
 {¶ 6} In his sole assignment of error, appellant raises two issues that this court must consider, each of which will be considered separately. Appellant's first argument is two-fold: he first alleges that there was insufficient evidence in the record for the trial *Page 3 
court to determine the amount of restitution to a reasonable degree of certainty and, second, that the amount ordered did not bear a reasonable relationship to the loss suffered by Mr. Wolf.
 {¶ 7} An order of restitution must be supported by competent credible evidence in the record. State v. Warner (1990), 55 Ohio St.3d 31, 69. "`It is well settled that "there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered."'" State v. Golar, 11th Dist. No. 2002-L-092,2003-Ohio-5861, at ¶ 8, quoting State v. Anges (Oct. 6, 2000), 11th Dist. No. 99-L-204, 2000 Ohio App. LEXIS 4653, at *23, quoting State v.Williams (1986), 34 Ohio App.3d 33, 34. "`A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted.'" State v. Gregg, 11th Dist. No. 2006-A-0013, 2007-Ohio-1201, at ¶ 56, quoting State v. Banks (Aug. 19, 2005), 2d Dist. No. 20711, 2005-Ohio-4488, at ¶ 5. "`"Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered."'" (Citations omitted.) Golar, at ¶ 9.
 {¶ 8} The amount of the loss may be established with documentary evidence or testimony, however there is no absolute requirement that the victim must demonstrate the loss through documentary evidence. State v.Morgan, 11th Dist No. 2005-L-135, 2006-Ohio-4166, at ¶ 30.
 {¶ 9} R.C. 2929.28 provides trial courts with guidance on ordering restitution for misdemeanor offenses. This section specifically authorizes a trial court to impose an order of "restitution by the offender to the victim of the offender's crime * * * in an amount *Page 4 
based on the victim's economic loss." R.C. 2929.28(A)(1). Furthermore, R.C. 2929.28(A)(1) states, in pertinent part:
 {¶ 10} "If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."
 {¶ 11} Appellant contends that the trial court improperly took into account the estimated value of the car in formulating the order of restitution. While the trial court initiated a line of questioning towards Mr. Wolf regarding the estimated value of the car, the court's order does not suggest that Mr. Wolf's responses to that line of questioning were taken into consideration when the court formulated the amount of restitution.
 {¶ 12} As the state points out, the trial court relied on the second and less costly estimate submitted by Mr. Wolf in fashioning the restitution order. However, the trial court went through the estimate, which originally totaled $1,694.76, line-by-line and deducted amounts for repairs for damage that Mr. Wolf did not testify to as being caused by appellant's actions, and, therefore, these amounts were not in evidence. Mr. Wolf testified that as a result of the pennies hitting his car, there was damage to the hood, windshield, and driver's side door. The trial court specifically deducted from the estimate total the cost of repairing the right fender, the right emblem, and the right headlamp cover. The trial court also subtracted $3 for disposing the car of hazardous *Page 5 
waste. As a result of the deductions for repairs not in evidence, the trial court subtracted $69.49 from the original estimate, which resulted in damages totaling $1,625.26, the amount of the restitution order.[1]
 {¶ 13} The restitution order in the amount of $1,625.26 was supported by competent, credible evidence. Mr. Wolfs testimony and the estimates provided by the state were sufficient evidence to establish the value of the loss suffered by Mr. Wolf for purposes of the trial court's restitution order. The trial court's order, as revealed by the record, bears a reasonable relationship to the actual loss suffered and will be upheld.
 {¶ 14} Appellant's second argument contends that the trial court committed prejudicial error by awarding restitution for damages for a crime that appellant was not convicted of. In essence, appellant challenges the restitution order as it relates to damage caused to Mr. Wolf's hood and driver's side door, arguing that since the complaint specifically alleged that appellant "threw objects at an automobile belonging to Thomas D. Wolf causing several nicks to the windshield" he could only be ordered to pay for the damage to Mr. Wolf's windshield.
 {¶ 15} Appellant claims that Juv.R. 10 and R.C. 2151.27 require that each allegation be pled with specificity and that appellant pled true to the charge in the complaint, which was damage to the windshield only. The state argues that Juv.R. 10 and R.C. 2151.27 should not be read as narrowly as appellant asserts. Further, the state contends that appellant was on notice that it was seeking restitution beyond the *Page 6 
damages that were caused to the windshield, based upon the allegations in the complaint as well as the fact that appellant's counsel was provided with copies of the two estimates prior to the change of plea hearing. We agree with the state and believe that the restitution order did not violate appellant's due process rights since the failure to outline all of the damages caused to Mr. Wolf's vehicle is not fatal to the complaint or the restitution order.
 {¶ 16} "A complaint in juvenile court alleging delinquency does not need to be read as strictly as a criminal indictment." In re Good
(1997), 118 Ohio App.3d 371, 375, citing In re Burgess (1984),13 Ohio App.3d 374, 375. "The purpose of [juvenile] proceeding[s] is to determine if a child is delinquent." Id. "Being found a juvenile delinquent is different from being found guilty of a crime in Ohio." Id. citing In re Agler (1969), 19 Ohio St.2d 70, 80.
 {¶ 17} "A complaint alleging that a juvenile is delinquent may be filed by `any person.'" In re Wise, 7th Dist. No. 05 JE 40,2007-Ohio-1393, at ¶ 118, citing R.C. 2152.021(A)(1) (DeGenaro, P.J., concurring in part and dissenting in part). Notwithstanding, a juvenile complaint must "allege the particular facts upon which the allegation that the child committed the violation * * * is based." R.C.2151.27(A)(1). Likewise, Juv.R. 10 only requires that the complaint contain "the essential facts which bring the proceeding within the jurisdiction of the court" and the "numerical designation of the statute or ordinance alleged to have been violated." Juv.R. 10(B)(1).
 {¶ 18} Ohio courts have held that these requirements are not "hypertechnical," but, rather, "it is the bare minimum necessary to assure that the juvenile knows the *Page 7 
nature of the charges against him." In re Wise, at ¶ 119 (DeGenaro, P.J., concurring in part and dissenting in part). There is no requirement that the allegations be overly specific, because this requirement does not compel a complainant to allege in the complaint every fact surrounding each incident described. See, In re Pieper
(1991), 74 Ohio App.3d 714, 719.
 {¶ 19} In this case, the facts essential to the complaint were stated. As for appellant's allegation that the complete extent of the damages caused was not detailed in the complaint, neither the statute nor the rules require this. It is apparent that appellant seeks to impose a "hypertechnical" requirement into R.C. 2151.27 and Juv.R. 10, which Ohio courts have consistently refused to do. See In re Rivera (Aug. 22, 1996), 8th Dist. No. 69320, 1996 Ohio App. LEXIS 3567, *20-*21 (complaint along with prosecution notices and witness statements were sufficient to put defense counsel on notice of the details of the crime and prevent surprise at the adjudicatory hearing); In re Pieper, supra at 720 (despite not providing exact dates, the complaint sufficiently notified mother of the nature of the charges against her and permitted her to plan a defense).
 {¶ 20} There is no dispute that prior to the change of plea hearing, appellant was given both a victim impact statement and copies of two estimates outlining the damages the state was seeking on behalf of Mr. Wolf. Therefore, the fact that the damage to the windshield was the only damage outlined in the complaint is not fatal to the restitution order. Accordingly, appellant's first and only assignment of error is without merit. *Page 8 
 {¶ 21} For the reasons stated in the opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.
DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur.
[1] It appears that the trial court, in subtracting out the amount for damages not in evidence, miscalculated by one cent since the amount after subtracting $69.49 from $1,694.76 equals $1,625.27 rather than $1,625.26. *Page 1