OPINION *Page 2 
{¶ 1} This is a State's appeal from a dismissal of a complaint in the Juvenile Division of the Stark County Court of Common Pleas.
 {¶ 2} Appellee is Eric Emery, a juvenile.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On June 9, 2007, Eric Emery, a juvenile, entered State Route 44 from a private drive. (T. at 31). As the juvenile entered the highway other vehicles were traveling on State Route 44. Id. When the juvenile entered the roadway, the driver of the first vehicle stopped suddenly in an attempt to avoid a collision with the juvenile's car. Id. The first vehicle avoided contact with the juvenile's car, but the second vehicle ran into the rear of the first vehicle. Id.
 {¶ 4} As a result of the above incident, Eric J. Emery was cited by Officer T.J. White for failure to yield in violation of Ohio Revised Code § 4511.44. The citation cited Ohio Revised Code § 4511.44 and the citation also noted that the accident occurred in the township of Nimishillen in the County of Stark.
 {¶ 5} On July 16, 2007, the juvenile appeared through counsel at a pre-trial wherein a plea of "Not True" was entered. During this pre-trial, neither the juvenile nor his attorney objected to any defects within the citation/complaint.
 {¶ 6} On July 27, 2007, a trial was held on the-failure-to-yield charge. Prior to this adjudicatory hearing, the juvenile never raised any issues regarding defects within the complaint. The State presented their case in chief and the juvenile cross-examined each of the State's witnesses. After the State presented its case in chief, the State rested. After the State rested, the juvenile moved to dismiss the case alleging that the *Page 3 
complaint was defective, specifically that the complaint failed to include R.C. § 2152.02. At this time, the State moved to amend the complaint to include R.C. § 2152.02. This motion was denied by the magistrate and the trial court dismissed the case sua sponte. The Court specifically found the complaint to be defective, in violation of Juvenile Rule 10.
 {¶ 7} The State filed a timely Objection to the Magistrate's Decision and the matter was heard by the Honorable Judge Stucki of the Stark County Court of Common Pleas, Family Court Division.
 {¶ 8} A hearing was held on this matter on September 20, 2007 and after this hearing, the Court overruled the State's objection.
 {¶ 9} Appellant now appeals to this Court, assigning the following error for review:
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE COMPLAINT COMPLIED WITH THE REQUIREMENTS OF OHIO JUVENILE RULE 10 AND OHIO REVISED CODE 2152.021 AND IS NOT DEFECTIVE.
 {¶ 11} "II. THE JUVENILE WAIVED ANY DEFECTS IN THE COMPLAINT BY FAILING TO OBJECT PRIOR TO THE ADJUDICATORY HEARING."
 I. {¶ 12} In its first assignment of error, Appellant State of Ohio argues that the trial court erred in finding that the complaint in this matter was defective. We agree.
 {¶ 13} Initially, we find that the juvenile court had jurisdiction over the juvenile in the subject case pursuant to R.C. § 2152.02, which provides:
 {¶ 14} "(C)(6) The juvenile court has jurisdiction over a person who is adjudicated *Page 4 
a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender shall be deemed a "child" until the person attains twenty-one years of age. If a person is so adjudicated a delinquent child or juvenile traffic offender and the court makes a disposition of the person under this chapter, at any time after the person attains eighteen years of age, the places at which the person may be held under that disposition are not limited to places authorized under this chapter solely for confinement of children, and the person may be confined under that disposition, in accordance with division (F)(2) of section 2152.26 of the Revised Code, in places other than those authorized under this chapter solely for confinement of children.
 {¶ 15} "* * *
 {¶ 16} "Juvenile traffic offender" means any child who violates any traffic law, traffic ordinance, or traffic regulation of this state, the United States, or any political subdivision of this state, other than a resolution, ordinance, or regulation of a political subdivision of this state the violation of which is required to be handled by a parking violations bureau or a joint parking violations bureau pursuant to Chapter 4521 of the Revised Code.
 {¶ 17} "A juvenile court has exclusive original jurisdiction over any child who is alleged to be a juvenile traffic offender."
 {¶ 18} As Eric was a juvenile when charged with the instant traffic offense, as evidenced by his date of birth on the uniform traffic citation, we find that he was a *Page 5 
"juvenile traffic offender" within the meaning of R.C. § 2152.02 and that this case fell within the jurisdiction of the juvenile court.
 {¶ 19} Juvenile proceedings are non-criminal in nature. Cope v.Campbell (1964), 175 Ohio St. 475. A delinquency adjudication in juvenile court is not a criminal conviction. Schall v. Martin (1984),467 U.S. 253, 104 S.Ct. 2403; McKiever v. Pennsylvania (1971),403 U.S. 528, 91 S.Ct. 1976. Accordingly, it is the Rules of Juvenile Procedure which apply to juvenile proceedings against a child, not the Rules of Criminal Procedure. Crim. R. 4(C); In re O'Brien (Apr. 21, 1986), Butler App. No. CA85-04-028, unreported.
 {¶ 20} Revised Code § 2152.021, provides:
 {¶ 21} "Complaint; indictment
 {¶ 22} "(A)(1) Subject to division (A)(2) of this section, any person having knowledge of a child who appears to be a juvenile traffic offender or to be a delinquent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the traffic offense or delinquent act allegedly occurred. The sworn complaint may be upon information and belief, and, in addition to the allegation that the child is a delinquent child or a juvenile traffic offender, the complaint shall allege the particular facts upon which the allegation that the child is a delinquent child or a juvenile traffic offender is based."
 {¶ 23} Juvenile Rule 10 provides:
 {¶ 24} "(B) Complaint: general form *Page 6 
 {¶ 25} "The complaint, which may be upon information and belief, shall satisfy all of the following requirements:
 {¶ 26} "(1) State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation of the statute or ordinance alleged to have been violated;
 {¶ 27} "(2) Contain the name and address of the parent, guardian, or custodian of the child or state that the name or address is unknown;
 {¶ 28} "(3) Be made under oath.
 {¶ 29} "(C) Complaint: juvenile traffic offense
 {¶ 30} "A Uniform Traffic Ticket shall be used as a complaint in juvenile traffic offense proceedings."
 {¶ 31} A complaint alleging that a juvenile is delinquent may be filed by "any person." R.C. § 2152.021(A)(1). Accordingly, courts do not force complainants to strictly comply with "hypertechnical" requirements, such as those in Juv. R. 10(B) which require that the complaint "contain the numerical designation of the statute or ordinance alleged to have been violated," when filing a complaint. In re Howard (1987),31 Ohio App.3d 1, 3; In re Sims (1983), 13 Ohio App.3d 37, 43; Matter of Laquatra (Jan. 22, 1998), 8th Dist. No 72020. For these reasons, a complaint filed in the juvenile court alleging delinquency is not read as strictly as a criminal indictment. In re Burgess (1984), 13 Ohio App.3d 374, 375.
 {¶ 32} Nevertheless, juvenile complaints must, at a minimum, "allege the particular facts upon which the allegation that the child is a delinquent child or a juvenile *Page 7 
traffic offender is based." R.C. § 2152.021(A)(1). This requirement is not "hypertechnical"; it is the bare minimum necessary to assure that the juvenile knows the nature of the charges against him. This is not to say that the allegations need to be overly specific, since this requirement "does not `force a complainant to state in the complaint every fact surrounding each incident described.'" In re PieperChildren (1991), 74 Ohio App.3d 714, 719, quoting Sims at 43. However, it does prevent a trial court from finding a violation of a statute if the necessary facts are not alleged. Burgess at 375, Laquatra at 4.
 {¶ 33} There is no question that a juvenile is entitled to constitutional due process. In re Gault (1967), 387 U.S. 1, 13,87 S.Ct. 1428, 18 L.Ed.2d 527, 538. The right to due process includes the right to be notified of the charges. Id. 387 U.S. at 33, 18 L.Ed.2d at 549. A situation similar to the case before us was addressed by the court of appeals in State v. Mays (1995), 104 Ohio App.3d 241, 661 N.E.2d 791. InMays, the defendant argued that the trial court was without jurisdiction to find him guilty on his plea of "no contest" because the ordinance that he was charged with violating was misnumbered on the complaint. Id. at 243, 661 N.E.2d 791. The court disagreed, stating that "the misnumbering of the ordinance in the complaint did not deprive the complaint of its essential purpose of notifying Mays of the offense with which he was charged[.]" Id.; see, also, State v. Watson (July 24, 1996), Summit App. No. 17641, unreported, at 9.
 {¶ 34} The court in Mays, supra, also held that Crim. R. 7(B), which provides that "[e]rror in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if *Page 8 
the error or omission did not prejudicially mislead the defendant," also applies to complaints. Mays, supra, at 245, 661 N.E.2d 791.
 {¶ 35} In the case sub judice, the Uniform Traffic citation referenced a violation of R.C. 4511.44, and further specified that it was being issued for "failure to yield from a private drive." It included the venue as having occurred in Nimishillen Township in Stark County and further ordered Eric to appear in "JUVI" court in Canton, Ohio at 4:00 p.m. on 7/3/2007.
 {¶ 36} As such, we find that the juvenile knew the nature of the charges against him. And that the complaint in this case alleged the particular facts upon which the allegation that the child was a juvenile traffic offender was based in accordance with R.C. § 2152.021(A)(1).
 {¶ 37} Appellant's first assignment of error is sustained.
 II. {¶ 38} In its second assignment of error, Appellant State of Ohio argues that the juvenile waived any defects in the complaint by failing to object to same prior to the trial in this matter. We agree.
 {¶ 39} "Juv. R. 22 provides for objections. An objection based on a defect in the complaint must be heard before the adjudicatory hearing by a pre-hearing motion. Juv. R. 22(D)(2). All pre-hearing motions must be filed by the earlier of seven days before the adjudicatory hearing or ten days after the appearance of counsel. Juv. R. 22(E). * * * Because appellants' objection was not timely, it was waived."
 {¶ 40} It is our determination that the trial court's dismissal of Appellant's complaint instead of providing Appellant with an opportunity to cure any alleged defect *Page 9 
was not a valid exercise of the trial court's discretion. Appellee's failure to object at the appropriate time in the proceedings precluded him from claiming that the complaint was defective.
 {¶ 41} Appellant's second assignment of error is sustained.
 {¶ 42} For the foregoing reasons, we hereby reverse the trial court's dismissal of Appellants' complaint and remand this cause for proceedings consistent with the law and this opinion.
 Wise, J., Gwin, P. J., concurs., Edwards, J., concurs separately. *Page 10