DECISION AND JUDGMENT
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, finding appellant guilty, following his no contest plea to robbery. Because we conclude that appellant's constitutional rights were not violated and the sentence imposed was proper, we affirm. *Page 2 
 {¶ 2} Appellant, Eddie James Moss, was indicted on one count of robbery, in violation of R.C. 2911.02(A)(2), as follows:
 {¶ 3} "The JURORS OF THE GRAND JURY * * * do find and present that Eddie James Moss, on or about the 3rd day of August, 2007, in Lucas County, Ohio, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense as defined in § 2913.02 of the Revised Code, did inflict, attempt to inflict, or threaten to inflict physical harm on another * * *."
 {¶ 4} Ultimately, appellant pled no contest to and was found guilty of the lesser included offense of robbery, in violation of R.C. 2911.02(A)(3). Appellant was then sentenced to a five year prison term.
 {¶ 5} Appellant now appeals, arguing two assignments of error[1]:
 {¶ 6} "Assignment of Error Number One
 {¶ 7} "The sentence imposed by the trial court was excessive and contrary to law.
 {¶ 8} "Assignment of Error Number Two
 {¶ 9} "The indictment in this case suffers from structural error that deprives Mr. Moss of his constitutionally guaranteed rights." *Page 3 
 I. {¶ 10} We will address appellant's assignments of error in reverse order. In his second assignment of error, appellant argues that his constitutional rights were violated because the indictment did not include a specific mens rea for the robbery offense. Although appellant did, in fact, file a pro se motion to dismiss based upon a defective indictment, appellant did not specifically argue that the indictment did not contain all the elements of the crime charged. Therefore, for all practical purposes, appellant never objected to this alleged defect, and we must analyze the alleged error under a plain error standard.
 {¶ 11} Generally, an appellate court need not consider an error that was not called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. State v.Childs (1968), 14 Ohio St.2d 56, paragraph 3 of the syllabus. As a result, such error is usually waived absent plain error. State v.Moreland (1990), 50 Ohio St.3d 58, 62. Plain error does not exist unless, but for the error, the outcome at trial would have been different. Id.
 {¶ 12} The Supreme Court of Ohio recently examined the effect of a defective indictment, holding that "[w]hen an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, at the syllabus ("Colon I"). In Colon I, the appellant had been charged with and *Page 4 
convicted of robbery, in violation of R.C. 2911.02(A)(2). Id. at ¶ 2. His indictment stated that appellant "in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon [the victim, the defendant did] inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]." Id.
 {¶ 13} The Colon I court found that the indictment failed to contain a mens rea for the second element of the statutory offense, i.e., "inflict, attempt to inflict, or threaten to inflict physical harm on another." Id. at ¶ 10. Consequently, the court reasoned that since the mens rea, "recklessness" was missing from the indictment which quoted the statutory language, appellant was not "properly informed of the charge so that he could put forth his defense." Id. at ¶ 28. The court noted that the state had failed to argue during the proceeding that the "reckless" mens rea applied, the jury instructions did not include "reckless" as the required mens rea, and the prosecutor treated robbery as a strict liability offense during closing arguments. Id at ¶ 30. The court concluded that, because the omission of the mens rea in the indictment violated appellant's constitutional rights to notice and due process, that defect constituted plain error, and because of multiple errors that resulted from the defective indictment, that error permeated the entire criminal proceeding and was, thus, structural error. Id at ¶ 32. The Colon I court reversed the convictions, holding that, despite his failure to object to the defective indictment, *Page 5 
appellant did not waive his right to argue such error for the first time on appeal. Id. at the syllabus.
 {¶ 14} On reconsideration, the Ohio Supreme Court declared thatColon I was prospective, and "applies only to those cases pending on the date Colon I was announced. State v. Colon, Ohio St.3d, 2008-Ohio-3749, ¶ 5
("Colon II ").
 {¶ 15} The Court also stated that "the facts that led to our opinion in Colon I are unique," noting that there was no evidence in that case "to show that the defendant had notice that recklessness was an element of the crime of robbery, nor was there evidence that the state argued that the defendant's conduct was reckless." Id. at ¶ 6.
 {¶ 16} Finally, the Colon II court stated that the trial court also did not include recklessness as an element of the crime in the jury instructions, and, during closing argument, the state treated robbery as a strict-liability offense. Id. The Colon II court then concluded that the structural-error analysis for defective indictments is "appropriate only in rare cases * * * in which multiple errors at the trial follow the defective indictment." Id. at ¶ 8. The court then stated, "Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain error. Consistent with our discussion herein, we emphasize that the syllabus in Colon I is confined to the facts in that case." Id.
 {¶ 17} Consequently, after considering Colon I and Colon II together, we conclude that the structural error analysis will only apply to cases in which multiple errors *Page 6 
permeate the entire proceeding, and contain the following factors: a defective indictment; the defendant has had no notice of the specific mens rea of the offense; the jury instructions do not include the applicable mens rea; and, during trial, the prosecution applies an improper mens rea to the crime charged.
 {¶ 18} In this case, appellant's indictment did not contain the reckless mens rea for robbery. Therefore, the initial indictment was defective. Appellant pled no contest to a lesser included offense under R.C. 2911.02(A)(3), which states that:
 {¶ 19} "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * (3) Use or threaten the immediate use of force against another." Since the lesser included offense language also lacks the "reckless" mens rea, even as an amendment to the indictment, this could be considered to be defective. Nevertheless, our review of the record reveals no further errors to demonstrate that the defect in the indictment so permeated the proceedings so as to create structural error. In appellant's case, he pled no contest to and was found guilty of the lesser included charge. Nothing in the record indicates that the court failed to properly consider whether the facts met all the elements of the crime, including the appropriate mens rea. Therefore, we conclude that Colon I is inapplicable to the present case.
 {¶ 20} Accordingly, appellant's second assignment of error is not well-taken. *Page 7 
 II. {¶ 21} In his first assignment of error, appellant contends that his sentence was excessive and contrary to law. We disagree.
 {¶ 22} An appellate court reviews felony sentences for an abuse of discretion. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. See Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 23} Nonetheless, R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors, must still be considered by trial courts in sentencing offenders. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences *Page 8 
imposed for similar crimes committed by similar offenders." Finally, R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors.
 {¶ 24} The sentencing range for a third degree felony is "one, two, three, four, or five years." R.C. 2929.14(A)(3). Despite the trial court's imposition of the maximum level of five years, appellant's sentence is still within the statutory sentencing range, and as such, is not contrary to law. Further, although the trial court is no longer required to give reasons for its sentence, we also conclude that the length of the sentence was not excessive in light of the facts of the case. Even acknowledging that appellant may have been remorseful at sentencing, the record indicates that he had a prior conviction and that, during the robbery, appellant threatened, not just physical harm, but to kill the convenience store personnel. Therefore, we conclude that the trial court's sentence was not excessive or contrary to law.
 {¶ 25} Accordingly, appellant's first assignment of error is not well-taken. All pending motions are hereby moot.
 {¶ 26} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
By Handwork, J., Pietrykowski, P.J., Singer, J., concur.
[1] Appellant initially asserted only the first assignment of error on the issue of excessive sentence. After the Supreme Court of Ohio issued its decision in State v. Colon, supra, we granted appellant's motion for leave to add his second assignment of error, regarding the issue of a defective indictment. *Page 1