The STATE of Ohio, Appellee,

v.

BUFORD, Appellant.

[Cite as *State v. Buford,* 178 Ohio App.3d 640, 2008-Ohio-5505.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1275.

Decided Oct. 24, 2008.

Julia R. Bates, Lucas County Prosecuting Attorney, and Andrew J. Lastra, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

Skow, Judge.

{¶ 1} Appellant, Donald Buford, appeals the judgment of the Lucas County Court of Common Pleas. Buford was indicted for robbery, a violation of R.C. 2911.02(A)(2) and a felony of the second degree. A jury found Buford guilty, and he was sentenced to a term of four years' incarceration for the offense.

{¶ 2} Buford initially asserted the following assignment of error for review:

{¶ 3} "Defendant's conviction was against the manifest weight of the evidence."

{¶ 4} While Buford's appeal was pending on direct review, the Ohio Supreme Court decided *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I* "), and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II* ") (on reconsideration). We sua sponte ordered the parties to submit supplemental briefs on the issue of whether and how *Colon I* applies to Buford's conviction. The state did not submit a supplemental brief. Buford submitted the following supplemental assignments of error:

{¶ 5} "I. Appellant Buford meets *Colon II* criteria for *Colon I* reversal.

{¶ 6} "II. Appellant's indictment for robbery was defective by failing to include the mens rea element thereby violating his constitutional rights."

{¶ 7} We first address, jointly, the two errors raised in Buford's supplemental brief. In *Colon I*, the defendant was indicted for robbery, as was Buford. Colon's indictment omitted the mens rea element of "recklessness" for the mens rea element of inflicting harm. The Ohio Supreme Court found that the defective indictment constituted "structural error."

{¶ 8} Structural errors are constitutional defects that defy analysis by harmless-error standards because they affect the framework within which the trial proceeds, rather than simply being an error in the trial process itself. Such errors permeate the entire conduct of the trial from beginning to end so that the trial cannot reliably serve its function as a vehicle for determination of guilt or innocence. A structural error mandates a finding of per se prejudice. *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 20.

{¶ 9} The court concluded that a defendant who fails to challenge, in the trial court, a defective indictment that omits the mens rea element of a crime does not waive his right to challenge the defect on appeal. Id. at ¶ 44.

{¶ 10} On a motion for reconsideration, the court in *Colon II* explained that its ruling in *Colon I* was to be applied prospectively and only to those cases pending when *Colon I* was announced. Id. at ¶ 5. Further, *Colon II* emphasized that the facts of *Colon I* were "unique" and that a structural-error analysis of a defective indictment would be appropriate only in "rare" cases, where "multiple errors" follow the defective indictment. Id. at ¶ 6, 8. *Colon II* held that the syllabus of *Colon I* was to be confined to the facts in that case. Id. at ¶ 8.

{¶ 11} The "multiple errors" found to follow the defective indictment in *Colon I* included (1) the defendant's lack of notice that the mens rea element of robbery was recklessness, (2) the state's failure to prove the element of recklessness, (3) the trial court's failure to instruct the jury on a mens rea element of recklessness, and (4) in closing arguments, the state's treatment of robbery as a strict-liability offense. This court has held that we will apply *Colon I*'s structural-error analysis only to cases that present all of the *Colon I* factors. *State v. Mason*, 6th Dist. No. L–06–1404, 2008-Ohio-5034, 2008 WL 4409432, ¶ 61; *State v. Moss*, 6th Dist. No. L–07–1401, 2008-Ohio-4737, 2008 WL 4278176, ¶ 17. In all other cases, a plain-error analysis applies to challenges of defective indictments first raised on appeal. *Colon II*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, ¶ 8; *State v. Moss*, 2008-Ohio-4737, 2008 WL 4278176, ¶ 17.

{¶ 12} We have also held that where a defendant is charged with a crime other than a violation of R.C. 2911.01(A)(2), *Colon I* will not apply. *State v. Walker*, 6th Dist. No. L–07–1156, 2008-Ohio-4614, 2008 WL 4183337, ¶ 72, following *State v.*

*Hill,* 10th Dist. No. 07AP–889, 2008-Ohio-4257, 2008 WL 3878363, ¶ 36; *State v. Solether,* 6th Dist. No. WD–07–053, 2008-Ohio-4738, 2008 WL 4278210, ¶ 74, 91.

{¶ 13} Here, Buford was indicted only for robbery, under the same single section at issue in *Colon I.* Buford may, therefore, challenge his indictment for the first time on appeal, as his appeal was pending when *Colon I* was announced. *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, syllabus. We therefore proceed to apply the four factors of *Colon I*'s structural-error analysis.

{¶ 14} First, Buford's indictment was defective. It reads:

{¶ 15} "The jurors of the Grand Jury of the State of Ohio, within and for Lucas County, Ohio, * * * do find and present that Clever Watkins and Donald Buford, on or about the 16th day of April, 2007, in Lucas County, Ohio, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense as defined in § 2913.02 of the Revised Code, did inflict, attempt to inflict, or threaten to inflict physical harm on another, in violation of § 2911.02(A)(2) of the Ohio Revised Code, Robbery, being a felony of the second degree * * *."

{¶ 16} As in *Colon I,* Buford's indictment omits recklessness as the mens rea element of the offense of robbery. Therefore, according to *Colon I,* Buford's indictment is constitutionally defective. Id. at ¶ 29. Because of the error, Buford was not "properly informed of the charge so he could put forth his defense." Id. at ¶ 28. Buford's due process rights were violated, as no evidence in the record demonstrates that Buford had "notice that the state was required to prove that he had been reckless in order to convict him of the offense of robbery." Id. at ¶ 30.

{¶ 17} Second, the record shows that no evidence was presented during trial establishing that Buford was reckless in inflicting harm. During opening arguments, the state explained that the evidence would show that Buford, with his co-defendant and several others, accosted the victims on the street and demanded one victim's shoes. When the victim did not comply, Buford punched the victim, and a fight between the groups ensued. One victim was seriously injured, and two others had minor injuries.

{¶ 18} As in *Colon I,* during opening arguments and through trial, the state did not argue that "the defendant's conduct in inflicting physical harm on the victim constituted reckless conduct." *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 30. During closing arguments, as in *Colon I,* the state treated robbery as a strict-liability offense. The state did not argue that Buford acted recklessly in inflicting harm. The prosecutor did detail the harm inflicted upon the victims. But at no time did the prosecutor argue that Buford possessed the requisite mental state when he inflicted harm.

{¶ 19} Although the state briefly mentioned the terms "intent" and "purpose," the terms were couched inside of rhetorical questions—questions which the jury had no guidance to answer. The state's mention of "purpose" occurred when explaining that the defendants beat up the victims *in order to* commit a theft offense. While this argument differs from that quoted in *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 31, the two arguments are functionally equivalent insofar as they presented the actus reus without presenting an attached mens rea.

{¶ 20} Additionally, neither Buford's trial counsel nor the co-defendant's trial counsel argued in closing that the state was required to prove a mens rea for the offense. Buford's trial counsel referred to the co-defendant's trial counsel's closing arguments and his review of the required elements of robbery. The co-defendant's trial counsel reviewed the elements of robbery in his closing arguments, but treated robbery as a strict-liability offense. Neither of the defendants' trial counsel, then, indicated awareness that recklessness was a necessary element of robbery.

{¶ 21} Fourth, the trial court failed to include the required culpable mental state for the offense in its jury instructions. After defining evidentiary rules and credibility determinations, the court stated:

{¶ 22} "The defendants are charged with robbery. Before you can find defendants guilty you must find beyond a reasonable doubt that on or about the 16th day of April, 2007, and in Lucas County, Ohio, the defendants did in committing or attempting to commit a theft offense or in fleeing immediately after the commission or attempted offense inflict, attempt to inflict, or threaten to inflict physical harm on another.

{¶ 23} "There are three elements that must be proved beyond a reasonable doubt before the defendants can be found guilty of robbery. They are that the defendants did: One, attempt to commit or commit a theft offense, or in fleeing immediately after the attempt or offense inflict or attempt to inflict or threaten to inflict physical harm on another. Three is venue."

{¶ 24} As to the first element, attempt to commit or commission of a theft offense, the court instructed the jury regarding "knowingly," the required culpable mental state for that act. As to the element of inflicting harm, the court instructed:

{¶ 25} "Element two, inflict, attempt to inflict or to inflict physical harm. Physical harm means any injury, illness or any other physiological impairment regardless of its gravity or duration.

{¶ 26} "The act of inflicting or attempting to inflict physical harm must occur during or immediately after the commission or attempt to commit a theft offense.

{¶ 27} "Proof of fear or apprehension on the part of the victim is not required. Criminal attempt has been defined for you on page seven and applies here as well. Threat includes direct and indirect threat."

{¶ 28} The jury was not instructed that Buford must have been reckless in inflicting harm. The jury instructions on the act element of inflicting harm should have paralleled the instructions for the act of attempt to commit or commission of a theft offense. See *State v. Ferguson*, 10th Dist. No. 07AP–640, 2008-Ohio-3827, 2008 WL 2932005, ¶ 47–48, discussing revisions to the Ohio Jury Instructions in light of *Colon I* and *Colon II*.

{¶ 29} In sum, the defective indictment was constitutionally flawed such that Buford had no notice that the state was required to prove recklessness as an element of the offense. The state treated robbery as a strict-liability offense and at no time argued that Buford possessed the requisite mental state. Buford's trial counsel and his co-defendant's trial counsel also treated robbery as a strict-liability offense in their closing arguments, demonstrating that Buford lacked notice of the elements of the offense.[1] The trial court failed to include reckless-ness in its jury instructions. Buford's trial counsel did not object to the deficient jury instructions.

{¶ 30} These facts mirror the factors present in *Colon I*. Due to these circumstances, as in *Colon I*, "there is no evidence in the record that the jury considered whether the defendant was reckless in inflicting, attempting to inflict, or threatening to inflict physical harm, as is required to convict under R.C. 2911.02(A)(2)." *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 31. Neither Buford nor the jury was aware of the state's responsibility to prove the required culpable mental state. As in *Colon I*, the defective indictment permeat-ed Buford's trial, resulting in structural error. *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 44.

{¶ 31} Accordingly, Buford's first and second supplemental assignments of error are well taken. His indictment was constitutionally defective as it omitted a required element of the offense. The "multiple errors" that occurred at Buford's trial mirror the multiple errors found to constitute structural error in *Colon I* and *Colon II*. His initial assignment of error, challenging his conviction on manifest weight grounds, is moot.

---

1. At least one appellate court has held that where the record demonstrates that the defendant had notice of the required mental state through his trial counsel's argument, no prejudice results from the defective indictment. *State v. Vance*, 5th Dist. No. 2007–COA–035, 2008-Ohio-4763, 2008 WL 4286633, ¶ 57.

{¶ 32} For the foregoing reasons, appellant's conviction must be vacated. The judgment of the Lucas County Court of Common Pleas is reversed, and this case is remanded to that court.

Judgment reversed
and cause remanded.

ARLENE SINGER and THOMAS J. OSOWIK, JJ., concur.