**In re M.H.**

[Cite as *In re M.H.*, 186 Ohio App.3d 513, 2010-Ohio-689.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–09–017.

Decided Feb. 26, 2010.

James L. Reinheimer, for appellant.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, for appellee.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal of a judgment of the Juvenile Division of the Ottawa County Court of Common Pleas determining that appellant, M.H., is a delinquent child for assaulting a school teacher. The trial court concluded that M.H. committed acts that, if committed by an adult, would constitute a violation of R.C. 2903.13(C)(2)(e) and a fifth-degree felony. M.H. was 11 years of age at the time of the incident.

{¶ 2} Appellant asserts two assignments of error on appeal:

{¶ 3} "1. The Trial Court erred in finding the victim of the assault in this case to be a school teacher as defined by O.R.C. 2903.13 thus making the underlying charge a felony as opposed to a misdemeanor if committed by an adult.

{¶ 4} "2. The Trial Court erred in failing to dismiss the delinquency/assault charge due to the Complaint being defective for the lack of the statutory mens rea element of 'knowingly' which is absent from the Complaint."

{¶ 5} At the time of the incident, M.H. was a student at North Point Educational Service Center in a special-education classroom taught by Rita K. Zorn. The classroom was located in the Camper Building in Genoa, Ohio. Kathryn Hall was a teacher's aide who worked in the classroom.

{¶ 6} Zorn testified that M.H. punched her with her fist during a dispute over the child's book bag at school. Hall testified that she saw M.H. swing towards Zorn and hit her in the stomach with a closed hand. M.H. denied punching Zorn. M.H. testified that she pushed her.

{¶ 7} Zorn testified that at the time of the incident, she was employed by North Point Educational Service Center. She is a special-education teacher and has worked for the educational service center for over 12 years:

{¶ 8} "Q. And what is your position with that employer?

{¶ 9} "A. I am a special ed or special needs teacher with the E.D. classroom.

{¶ 10} "Q. What type of training have you received in order to qualify for that position?

{¶ 11} "A. I have a master's degree in special education, a regular education degree. I have got—I am highly qualified in all subject areas and C.P.I. training, which is Crisis Prevention and Intervention."

{¶ 12} One of the various handicaps for which special-education services are provided in Ohio is the handicap of "serious emotional disturbance." R.C. 3323.01(A). R.C. 3323.11 mandates that special-education teachers be " 'highly qualified,' as that term is defined in section 602(10) of the 'Individuals with Disabilities Education Improvement Act of 2004,' 20 U.S.C. 1401(10)." See R.C. 3323.11.

### Assignment of Error No. 1

{¶ 13} Under assignment of error No. 1, M.H. argues that the trial court erred in finding that the victim of M.H.'s assault was a teacher within the meaning of either R.C. 2903.13(D)(6)(a) or (b) and by concluding that the circumstances of the offense, if committed by an adult, increased the assault offense from a misdemeanor to a fifth-degree felony. M.H. asserts that there was insufficient evidence at trial to support a finding of either R.C. 2903.13(D)(6)(a) or (b) circumstances in the assault.

{¶ 14} R.C. 2903.13 governs the offense of assault. Generally, a violation of the statute, by an adult, constitutes a first-degree misdemeanor. R.C. 2903.13(C). The statute identifies certain circumstances, however, under which the degree of the offense is raised to a fifth-degree felony. One such circumstance is where the victim is a school teacher:

{¶ 15} "2903.13 Assault

{¶ 16} " * * *

{¶ 17} "(C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), (3), (4), or (5) of this section, assault is a misdemeanor of the first degree.

{¶ 18} " * * *

{¶ 19} "(2) If the offense is committed in any of the following circumstances, assault is a felony of the fifth degree:

{¶ 20} " * * *

{¶ 21} "(e) The victim of the offense is a school teacher * * * and the offense occurs in a school, on school premises, in a school building * * * while the victim * * * is engaged in duties or official responsibilities associated with the victim's employment or position as a school teacher * * *."

{¶ 22} The statute provides its own definition of the term "school teacher" for use in determining R.C. 2903.13(C)(2)(e) circumstances. R.C. 2903.13(D)(6)(a) and (b) provide:

{¶ 23} "(6) 'School teacher or administrator' means either of the following:

{¶ 24} "(a) A person who is employed in the public schools of the state under a contract described in section 3319.08 of the Revised Code in a position in which the person is required to have a certificate issued pursuant to sections 3319.22 to 3319.311 of the Revised Code.

{¶ 25} "(b) A person who is employed by a nonpublic school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code and who is certificated in accordance with section 3301.071 of the Revised Code."

{¶ 26} Appellant argues that if Zorn was employed by a public school, the state failed to prove that she was a school teacher within the meaning of R.C. 2903.13(D)(6)(a). Appellant contends that the evidence at trial was insufficient to establish either that Zorn was employed under a contract described in R.C. 3319.08 or that her work required a certificate issued pursuant to R.C. 3319.22 to 3319.311. Appellant also makes alternative arguments under R.C. 2903.13(D)(6)(b), if Zorn is found to be employed by a nonpublic school. In response, the state contends that the testimony of Zorn was sufficient to establish her status as a teacher for purposes of R.C. 2903.13(D)(6).

{¶ 27} An appeal challenging the sufficiency of the evidence to support a conviction presents a question of law on the issue of whether the evidence at trial is legally adequate to support a verdict. *State v. Thompkins* (1997), 78 Ohio

St.3d 380, 386, 678 N.E.2d 541. The Ohio Supreme Court in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, summarized the role of appellate courts in considering appeals based upon the sufficiency of evidence:

{¶ 28} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" *State v. Jenks,* paragraph two of the syllabus.

{¶ 29} Educational service centers were formerly known as county school districts, and the governing boards of educational service centers were formerly known as county boards of education. *Adams Cty./Ohio Valley School Dist. Bd. of Edn. v. S. Cent. Ohio Edn. Serv. Ctr. Governing Bd.,* 158 Ohio App.3d 253, 2004-Ohio-4256, 814 N.E.2d 1239, ¶ 15, at fn. 3. Educational service centers are public entities. *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.,* 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 8. Zorn was employed by North Point Educational Service Center. Consequently, she was employed by a public school.

{¶ 30} R.C. 3319.08(A) provides that "the governing board of each educational service center shall enter into written contracts for the employment and reemployment of all teachers." The fact that Zorn was employed by an educational service center as a special-education teacher demonstrates that her contract of employment was governed by the requirements of R.C. 3319.08.

{¶ 31} R.C. 3319.22 mandates that the state board of education shall issue educator licenses. R.C. 3319.22(A)(1). Educator license rules are set forth in Ohio Adm.Code 3301–24–05. Under R.C. 3319.30, Zorn was required to secure a license under R.C. 3319.22 before she could be paid for her work as a teacher. *State ex rel. Cutler v. Pike Cty. Joint Area Vocational School Dist.* (1983), 6 Ohio St.3d 138, 139, 6 OBR 195, 451 N.E.2d 800.

{¶ 32} In our view, a rational factfinder, construing the evidence most favorably to the state, could have found beyond a reasonable doubt that Zorn was employed in the public schools at the time of the incident, while under a contract described in R.C. 3319.08, and in a position requiring a certificate issued pursuant to R.C. 3319.22. Accordingly, appellant's assignment of error No. 1 is not well taken.

Assignment of Error No. 2

{¶ 33} At the conclusion of the trial, appellant moved to dismiss the delinquency proceedings on the basis that the complaint failed to include the mens rea element of "knowingly" for the offense of assault. Appellant claims that the defect is a structural defect under *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I*"), and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II*"). Appellant also claims that the deficiency violated the requirements of Crim.R. 3. In assignment of error No. 2, appellant claims that the trial court erred in overruling the motion to dismiss.

{¶ 34} The state argues that proceedings to adjudicate whether a juvenile is a delinquent child are not criminal proceedings, that the Rules of Juvenile Procedure apply to such proceedings (rather than the Rules of Criminal Procedure), and that the nature of the complaint in this case complied with the Juvenile Rules and with the requirements of R.C. 2152.021(A)(1). The state also argues appellant waived the claimed error by failing to object to the complaint before trial.

{¶ 35} "[J]uvenile courts * * * occupy a unique place in our legal system." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 65. The Supreme Court of Ohio has repeatedly characterized juvenile proceedings as "civil, rather than criminal." Id. at ¶ 76; *Cope v. Campbell* (1964), 175 Ohio St. 475, 26 O.O.2d 88, 196 N.E.2d 457, paragraph one of the syllabus; *In re Emery*, 5th Dist. No. 2007 CA 00288, 2008-Ohio-2173, 2008 WL 1970021, ¶ 19.

{¶ 36} The requirements of a juvenile complaint in delinquency are set forth in Juv.R. 10(B) and R.C. 2152.021(A)(1). The Ohio Rules of Criminal Procedure do not apply.

{¶ 37} Juv.R. 10(B) provides:

{¶ 38} "(B) Complaint: general form

{¶ 39} "The complaint, which may be upon information and belief, shall satisfy all of the following requirements:

{¶ 40} "(1) State in ordinary and concise language the essential facts that bring the proceedings within the jurisdiction of the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation of the statute or ordinance alleged to have been violated."

{¶ 41} R.C. 2152.021(A)(1) requires that a complaint asserting that a juvenile is a delinquent child "shall allege the particular facts upon which the allegation that the child is a delinquent child * * * is based."

{¶ 42} Appellate courts have upheld delinquency complaints against challenges that they failed to include allegations of mens rea for the offense on which the delinquency claim was based, where the requirements of Juv.R. 10(B) and R.C.

2152.021 have been met. *In re G.E.S.*, 9th Dist. No. 23963, 2008-Ohio-2671, 2008 WL 2267035; *In re Pribanic* (Jan. 18, 1991), 6th Dist. No. E–90–20, 1991 WL 3813; *In re Howard* (1987), 31 Ohio App.3d 1, 31 OBR 14, 508 N.E.2d 190.

{¶ 43} In the *In re G.E.S.* decision, the Ninth District Court of Appeals considered a complaint charging a juvenile with delinquency based upon acts that would constitute the offense of sexual battery, a violation of R.C. 2907.03, if committed by adult. The delinquency complaint did not include allegations of the "knowingly" mens rea element of the offense.

{¶ 44} The court of appeals recognized a significant difference between the Rules of Juvenile and Criminal Procedure with respect to the requirements of a complaint. Comparing Crim.R. 7(B) and Juv.R. 10(B), the court of appeals recognized that "[u]nlike the Criminal Rules, the Juvenile Rules do not specify that a complaint must list each and every element of the offense." *In re G.E.S.* at ¶ 17. The Ninth District Court of Appeals also noted that the complaint in the case referred to the specific statutory subsection on which the delinquency complaint was based and that the subsection "contained the mens rea element applicable to his offense even though the complaint did not." Id.

{¶ 45} The complaint in this case alleged that M.H. "appear[s] to be [a] delinquent child in that [o]n or about May 6, 2008, in Ottawa County, Ohio she did cause of [sic] attempt to cause physical harm to another, the said victim of the offense being a school teacher; an act which if committed by an adult would be in violation of Ohio Revised Code Section 2903.13(C)(2)(e) (Assault of a school teacher, F5°)."

{¶ 46} The statute for assault identifies "knowingly" as the specific mens rea applicable to prove the offense. R.C. 2903.13(A). The statute provides that "[n]o person shall *knowingly* cause or attempt to cause physical harm to another * * *." (Emphasis added.) R.C. 2903.13(A).

{¶ 47} In our view, the complaint complied with the requirements of Juv.R. 10(B) and R.C. 2152.021(A)(1) by alleging a factual basis to determine delinquency based upon assault of a school teacher and by identifying the specific subsection of the assault statute upon which the claim in delinquency was to be prosecuted. The assault statute itself, by reference, identifies "knowingly" as the applicable level of mens rea for the offense.

{¶ 48} Under assignment of error No. 2, appellant also argues that the trial court erred in failing to dismiss the complaint because the mens rea defect of the complaint constituted a structural defect under the Ohio Supreme Court decisions in *Colon I* and *Colon II*. After the Ohio Supreme Court's clarification and limitations of the *Colon I* decision in *Colon II,* however, we have held that a "structural error analysis will only apply to cases in which multiple errors

permeate the entire proceeding, and contain the following factors: a defective indictment; the defendant has had no notice of the specific mens rea of the offense; the jury instructions do not include the applicable mens rea; and during trial, the prosecution applies an improper mens rea to the crime charged." *State v. Moss,* 6th Dist. No. L–07–1401, 2008-Ohio-4737, 2008 WL 4278176, ¶ 17; *State v. Cable,* 6th Dist. Nos. L–08–1334 and L–08–1335, 2009-Ohio-5393, 2009 WL 3246695, ¶ 6; *State v. Buford,* 178 Ohio App.3d 640, 2008-Ohio-5505, 899 N.E.2d 1028, ¶ 11.

{¶ 49} Those multiple errors permeating trial do not exist here. Trial was to the court. In its judgment, the trial court commented that it, as trier of fact, was well aware of the mens rea required:

{¶ 50} "In this case, the Court, being the trier of fact, is cognizant of the State's burden to demonstrate that the juvenile exhibited the requisite mental state of 'knowingly' as an element of the delinquent offense and is able to determine whether that burden has been met."

{¶ 51} Furthermore, this court has also held that *Colon I* does not apply when the defendant is charged with an offense other than a violation of R.C. 2911.01(A)(2). *State v. Walker,* 6th Dist. No. L–07–1156, 2008-Ohio-4614, 2008 WL 4183337, ¶ 72; *State v. Buford* at ¶ 12; *State v. Treft,* 6th Dist. Nos. WD–07–085 and WD–08–012, 2009-Ohio-1127, 2009 WL 641425, ¶ 28.

{¶ 52} Appellant's assignment of error No. 2 is not well taken.

{¶ 53} Accordingly, we conclude that justice was done the party complaining and that appellant was afforded a fair trial. The judgment of the trial court is affirmed.

Judgment affirmed.

OSOWIK, P.J., and HANDWORK, J., concur.